CHARLES H. TRAFFORD, ADMINISTRATOR AD PROSE-QUENDUM OF THE ESTATE OF EDWARD W. TRAF-FORD, D E C E A S E D , PLAINTIFF-RESPONDENT, v. CHARLES HOWES, JR., DEFENDANT-APPELLANT.

Submitted May 31, 1935—Decided October 9, 1935.

For the defendant-appellant, *Henry K. Golenbock.*

For the plaintiff-respondent, *Arthur M. Birdsall.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff's intestate, Edward W. Trafford (hereinafter called the decedent), was killed in an automobile collision in Neptune township, Monmouth county, and the plaintiff recovered a verdict upon which judgment was entered.

The defendant's sole complaint on this appeal is of the refusal of the trial judge to grant a motion for nonsuit and a motion for a direction of a verdict for the defendant upon the ground that "no negligence has been proven."

The photographs and diagrams used at the trial, which would have been useful here, have not been laid before us; but a painstaking examination of the testimony shows that such motions were properly denied.

As stated in defendant's brief "the plaintiff's intestate was operating his automobile (a model T Ford) in a southerly direction along South Main street and the defendant was operating his automobile (Chevrolet) in a northerly direction along the same highway."

Now it was open to the jury to infer, if they saw fit, from the somewhat conflicting evidence, the following matters of fact: On March 19th, 1933, at nine-twenty P. M., the decedent was thus driving his automobile on South Main street, having come out of the boulevard leading from Asbury Park. It was raining, but the street was well lighted. The defendant was hurrying to keep a belated appointment and was driving at a high rate of speed on the "west side" (his wrong side) of South Main street. That street is a busy, built up street, with several intersections at that point, and was "very familiar" to the defendant. The defendant saw the decedent's car when one hundred feet away and thereafter had an unobstructed view of it. He struck the decedent's car as the latter was on decedent's right-hand side of the street traveling "not more than twenty-five miles an hour." The defendant made no effort to avoid the collision until about the instant of the impact when he used his brakes. The collision was "terrific," so terrific that the rim of the headlight of the decedent's car was thrown through the windshield of a car following it, and a hub cap of decedent's car was thrown through the second story window of a store building fifty feet away, and decedent's car was thrown a distance of fifty feet and decedent was killed. The defendant's car, after striking decedent's car, then collided with the automobile which was following decedent's car.

The testimony as to the speed of defendant's car was conflicting. Nevertheless, the jury had the right to consider, in connection with other evidence as to speed, the terrific force of the impact and the distance that the decedent's car and parts of it were thrown, and the distance that defendant's automobile proceeded thereafter before it stopped, and to find where, as here, the evidence so considered justifies it, that the latter was being driven at an excessive and negligent rate of speed (*Healey* v. *Braested, 98 N. J. L.* 520) in view

of the place and circumstances. Therefore the question whether or not "negligence has been proven" in respect to the speed and control of the defendant's car, was properly submitted to the jury.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 16.

*For reversal*—None.